Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
KELLY R. CHURNET
SANDOR A. CALLAHAN
JORDAN L. PATTERSON
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
300 N. Los Angeles Street, Suite 2001
Los Angeles, California 90012
Telephone: (202) 262-9893 (Churnet)
(202) 230-0696 (Callahan)
(202) 304-2946 (Patterson)
E-mail: kelly.churnet@usdoj.gov
sandor.callahan2@usdoj.gov
jordan.patterson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SARA SOULATI,<br><br>Defendant. | No. 2:19-CR-527-ODW-2<br><br>AMENDED PLEA AGREEMENT FOR DEFENDANT SARA SOULATI |

1. This constitutes the amended plea agreement[1] between SARA SOULATI ("defendant") and the United States Attorney's Office for the

[1] Sara Soulati entered into a plea agreement with the government on October 27, 2025. Docket No. 652. This amended agreement includes small revisions to that plea agreement. The only substantive change made in this amended plea agreement is to the amount of the parties' recommended sentence that will be satisfied by time served and home detention. Instead of specifying the exact amount of credit the defendant will receive for time served and the *(footnote cont'd on next page)*

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

Central District of California (the "USAO") and the Fraud Section of the Criminal Division of the United States Department of Justice (collectively with the USAO, "the United States") in the above-captioned case. This agreement is limited to the USAO and the Fraud Section of the Criminal Division and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2. Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 22 below be rendered null and void and both defendant and the United States will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 24 and 25 below, will control, with the result that defendant will not be able to withdraw any guilty pleas entered pursuant to this agreement, the United States will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation

length of her home detention, the amended plea agreement now clarifies that the defendant will receive an unspecified credit for the amount of time she served in custody, and will serve the remainder of her sentence in home detention. There have been no other substantive changes to the plea agreement. The parties are still recommending an overall sentence of 8 months.

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

## DEFENDANT'S OBLIGATIONS

3. Defendant agrees to:

a. At the earliest opportunity requested by the United States and provided by the Court, appear and plead guilty to counts eleven and twelve of the indictment in United States v. Weaver, et al., CR No. 2:19-cr-00527-ODW-2, which charge defendant with health care fraud in violation of 18 U.S.C. § 1347.

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 17 of this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Make restitution in accordance with the Court's order, and not seek the discharge of any restitution obligation, in whole or in part, in any present of future bankruptcy proceeding.

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

THE UNITED STATES' OBLIGATIONS

4. The United States agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 17 of this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed. Defendant further agrees that he may be treated as if he had been convicted of the dismissed charges for purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual basis below would be sufficient to satisfy all elements of each charge. Defendant waives the right to challenge the sufficiency of the factual basis as to any element of any dismissed charge.

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e. Recommend that defendant be sentenced to 8 months, to be composed of a sentence of imprisonment satisfied by credit for time served and the remainder of the term after such credit to be satisfied by home detention.

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

NATURE OF THE OFFENSES

5. Defendant understands that for defendant to be guilty of the crime charged in counts eleven and twelve, that is, health care fraud, in violation of Title 18, United States Code, Section 1347, the following must be true:

a. Defendant knowingly and willfully executed a scheme or plan to defraud a health care benefit program, namely Medicare, or a scheme or plan to obtain money or property owned by or under the custody or control of a health care benefit program, namely Medicare, by means of material false or fraudulent pretenses, representations, or promises;

b. Defendant acted with the intent to defraud;

c. Medicare was a health care benefit program; and

d. The scheme or plan was executed in connection with the delivery of or payment for health care benefits, items, or services.

PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1347, is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

8. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the United States' compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges. The parties currently believe that the applicable amount of restitution is approximately $106,178, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

9. Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12. Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her convictions on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her pleas may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the United States agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to this amended plea agreement, the Medicare program ("Medicare") was a "federal health care benefit program" as defined by Title 18, United States Code, Section 24(b).

Title XVIII of the Social Security Act (SSA), 1862(a)(1)(A), states that no Medicare payment shall be made for items or services that "are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member." At the relevant time, the Local Coverage Determination ("LCD") for Medicare Coverage of Cardiovascular Stress Testing (L34324) provided that Medicare would not pay for cardiovascular

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

stress testing that was not "reasonable and necessary." Under the LCD, Cardiovascular Stress Testing was not reasonable and necessary when "[t]he incremental information obtained from a repeat test or from the addition of an echocardiogram to an electrical stress test is of no clinical relevance."

Defendant was the co-owner of GCC Imaging, LLC ("GCC Imaging"), an independent medical diagnostic testing facility located at 633 East Aerick Street, Inglewood, California 90301, within the Central District of California. GCC Imaging was a Medicare provider that submitted claims for payment to Medicare. Defendant signed the Medicare enrollment application for GCC Imaging, in which defendant certified that she would abide by all applicable Medicare laws, regulations, and program instructions and would not knowingly submit or cause GCC Imaging to submit false or fraudulent claims for payment by Medicare. Further, as the co-owner of GCC Imaging, defendant made decisions about what diagnostic testing would be conducted at GCC imaging and was familiar with the codes used for each of the diagnostic tests conducted at GCC Imaging and billed to Medicare. Accordingly, defendant held a position of public trust with Medicare. Part of the diagnostic testing done at GCC Imaging included cardiovascular stress tests.

Defendant was also the owner of Global Cardio Care, Inc. ("GCC"), a medical services administration entity that did the billing, marketing, and other administration tasks for GCC Imaging, as well as for Ronald Seymour Weaver, M.D., Inc. ("RSW"). RSW was a medical provider which primarily provided external counterpulsation ("ECP") treatments through its two clinics located at 633 East Aerick Street, Inglewood, California 90301, and 11860 Wilshire Blvd., Los

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

Angeles, California 90025 (the "GCC Clinics"), within the Central District of California. RSW was owned by co-defendant Ronald S. Weaver. GCC Imaging provided cardiovascular stress tests for Medicare beneficiaries referred to GCC Imaging by physicians working at the GCC Clinics.

Defendant and others knowingly and willfully caused GCC Imaging to submit fraudulent claims to Medicare for cardiovascular stress tests, knowing and intending that Medicare reimburse these claims despite the fact that defendant knew that the testing was not "reasonable and necessary" or was aware of a high probability that the testing was not "reasonable and necessary" and deliberately avoided learning the truth. Defendant and others knew that the reasonableness and necessity of the stress test was material to Medicare's determination whether to reimburse the claims.

Specifically, in furtherance of the scheme, on or about May 5, 2015, defendant caused the submission through GCC Imaging to Medicare of a false and fraudulent claim (claim # 551115126237530) in the amount of approximately $1,500 for Cardiovascular Stress Testing purportedly provided to beneficiary E.W., a beneficiary from the GCC Clinics. Also, in furtherance of the scheme, on or about February 5, 2016, defendant caused the submission through GCC Imaging to Medicare of a false and fraudulent claim (claim # 551116039123270) in the amount of approximately $1,500 for Cardiovascular Stress Testing purportedly provided to beneficiary M.W., a beneficiary from the GCC Clinics. At the time of the testing, Medicare beneficiaries E.W. and M.W. had already received results of the same test with no significant change in condition and thus "[t]he incremental information obtained from a repeat test or from the addition of an

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

echocardiogram to an electrical stress test [was] of no clinical relevance." Further, defendant knew or was aware of a high probability that the testing was not reasonable and necessary under the Medicare guidelines based on prior testing performed by GCC Imaging and deliberately avoided learning the truth.

Pursuant to the scheme in which defendant participated, between approximately January 7, 2010, and January 31, 2018, GCC Imaging billed Medicare approximately $704,400 in false and fraudulent claims for medically unnecessary diagnostic cardiovascular stress testing referred to GCC Imaging by the physicians at the GCC clinics, with a corresponding allowed amount of approximately $135,298, of which Medicare paid approximately $106,178 for these claims. As the co-owner of GCC Imaging, defendant was familiar with Medicare's reimbursement of claims for Cardiovascular Stress Testing and knew that Medicare paid a fixed amount for those tests, which was less than the amounts billed by GCC Imaging.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

15. Defendant and the United States agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss amount of more than $95,000 but less than $150,000 ($135,298): | +8 | U.S.S.G. § 2B1.1(b)(1)(E) |

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

| | | |
|---|---|---|
| Abuse of Position of Trust: | +2 | U.S.S.G. § _3B1.3 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a) & (b) |
| Zero Point Offender: | -2 | U.S.S.G. § 4C1.1 |
| Total Offense Level: | 11 | |
| Criminal History Category: | I | |
| Guideline Range: | 8-14 months' imprisonment<br>$4,000 - $40,000 fine | |

16. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

17. Defendant and the United States agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of: 8 months, with a sentence of imprisonment to be satisfied by credit for time served and the remainder of the term after such credit to be satisfied by home detention; 3 years' supervised release with conditions to be fixed by the Court; $200 special assessment; and $106,178 restitution. The parties agree that restitution is to be paid pursuant to a schedule to be fixed by the Court in an amount determined by the Court.

WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel – and if necessary have the Court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

represented by counsel — and if necessary have the Court appoint counsel — at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 17 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

21. The United agrees that, provided the Court imposes the sentence specified in paragraph 17 above, the United States gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

22. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this amended plea agreement was involuntary, then (a) the United States will be relieved of all of its obligations under this agreement; and (b) should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and a Department of Justice Trial Attorney.

BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and a Trial Attorney from the Fraud Section of the Criminal Division of the

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

United States Department of Justice, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the United States may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the United States to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the United States in writing. If the United States declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the United States will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

27. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the United States' sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

28. Defendant understands that both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 15-17 are consistent with the facts of this case. While this paragraph permits both the United States and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the United States' obligations not to contest the facts agreed to in this agreement.

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the United States and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

AMENDED PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

[signature] 12/15/25

KELLY R. CHURNET
SANDOR A. CALLAHAN
JORDAN L. PATTERSON
Trial Attorneys — Date

DocuSigned by:
Sara Soulati
14B92D8A65D443E...
12/12/2025

SARA SOULATI
Defendant — Date

DocuSigned by:
Vicki Podberesky
2BB478B5A679457...
12/12/2025

VICKI I. PODBERESKY
Attorney for Defendant — Date

DocuSigned by:
Peter Johnson
245F9361A861456...
12/12/2025

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

DocuSigned by:
Sara Soulati
14B92D8A65D443E...

SARA SOULATI
Defendant

12/12/2025

Date

Docusign Envelope ID: 4D4531A7-A077-4017-8E70-741699479EBF

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Sara Soulati's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

DocuSigned by:
Vicki Podberesky
2BB478B5A679457...

12/12/2025

VICKI I. PODBERESKY
Attorney for Defendant

Date

DocuSigned by:
Peter Johnson
245F9361A861456...

12/12/2025